IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOE BARNES III,

    Petitioner,

v.                                                   CASE NO. 1:11-cv-62-MP-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a letter asking the Court to advise Petitioner as to whether the one-year limitations period of 28 U.S.C. § 2244(d) has been tolled by the filing of a motion in state court.  Petitioner also sought an extension of time within which to file a 28 U.S.C § 2254 habeas corpus petition.  The Court denied an extension of time, and directed Petitioner to file a petition on the Court's form and either pay the habeas corpus filing fee or file a motion for leave to proceed as a pauper.  Doc. 3.  Petitioner did not comply with that Order, but instead filed "notices" stating that he is pursuing remedies in state court with respect to future habeas claims, and that he cannot pay the filing fee, but also cannot claim insolvency.  Docs. 4, 5.

In the present posture, there is simply no "case" for this Court to resolve. Further, even if Petitioner had filed a habeas corpus petition and satisfied the fee issue as instructed, it is clear that he is pursuing state remedies and thus has not exhausted his federal habeas corpus claims.  This Court has the authority to stay a habeas proceeding and hold a petition in abeyance pending exhaustion of state remedies only

in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Petitioner must show "good cause for his failure to exhaust" and that "his unexhausted claims are potentially meritorious," and there must be "no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. Petitioner has failed to provide the Court with any reason for holding this matter in abeyance. The appropriate course is to dismiss this case without prejudice so that Petitioner may pursue his remaining state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982) (recognizing the nature of comity between national and state sovereignties); 28 U.S.C. § 2254(b)(1)(A).

Dismissal does not excuse Petitioner from the one-year period of limitation for filing a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case be

dismissed without prejudice for failure to prosecute and for failure to comply with an Order of the Court.

 **IN CHAMBERS** this 14th day of July 2011.

      *s/ Gary R. Jones*
      GARY R. JONES
      United States Magistrate Judge

**NOTICE TO THE PARTIES**

 **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**